### ESTHER CONKLIN agt. ADDISON HILL.

Where a jury mark on ballots the amount which each juror is willing to find for the plaintiff, without the knowledge of the rest, and the several amounts thus marked, are drawn from a hat, added together, and the aggregate divided by 12, and the sum thus ascertained is rendered as their verdict; it is not irregular, where it appears the jury did it for the purpose of ascertaining how near they could come together, without making any agreement before it was done, that the averaged amount thus ascertained, should be their verdict; it being left optional with the jury to agree to such amount or not, as they pleased.

*December Term*, 1845.

MOTION by defendant to set aside verdict for irregularity.

This was an action for breach of promise of marriage, tried at the Westchester circuit, in October, 1845.  The jury found a verdict for the plaintiff, of $4,041 damages.  This motion was made to set aside the verdict as irregular.  The crier of the court and three of the jurors, on the part of the defendant, swore that the jury after having been out all night, without being able to agree upon the amount of their verdict, came to the conclusion in the morning, that each juror should write on a ballot the amount that he was willing to find, without the knowledge of the others, and the several ballots should be put

into a hat, and drawn out, and the several amounts added to-gether, and the aggregate sum divided by twelve, which should be their verdict; this being done, the amount ascertained was $4,041, which was the verdict rendered by the jury in favor of the plaintiff. On the part of the plaintiff, the constable and seven jurors swore that the mode of marking upon the ballots, and adding and dividing as before mentioned, was done as one means of ascertaining how near the jury could come together, that there was no agreement before marking, that the average amount thus ascertained should be their verdict; but it was left optional with any of the jurors to agree to such sum or not, as he pleased. After the average amount was produced, the jury seemed to be satisfied with it, and rendered it as their verdict.

> JOHN CURREY, *defendant's counsel and attorney.*
> THOMAS NELSON, *plaintiff's counsel.*
> WM. NELSON, *plaintiff's attorney.*

JEWETT, Justice. Held, that this case come within the former decisions and the verdict must be sustained. Motion denied with costs.